# UNITED STATES DISTRICT COURT
Eastern District of California

# Second Corrected Superseding Petition For Warrant or Summons For Offender Under Supervision

| | | | |
|---|---|---|---|
| **Name of Offender:** | Dylan Hudson | **Docket Number:** | 2:12CR00130-01 |

**Name of Judicial Officer**: Senior United States District Judge Garland E. Burrell, Jr.

**Date of Original Sentence:** 7/19/2013

**Original Offense:** 21 U.S.C. § 846 and 841(a)(1) – Conspiracy to Manufacture, Distribute, and Possess With Intent to Distribute Marijuana (CLASS B FELONY)

**Original Sentence:** 81 months custody Bureau of Prisons; 60 month term of Supervised Release; $100 special assessment; $17,500 fine; Mandatory drug testing; No firearms; DNA collection.

**Special Conditions:**

1. Warrantless Search
2. Financial disclosure
3. Financial restrictions
4. Drug/alcohol treatment
5. Drug/alcohol testing
6. Abstain from alcohol
7. Mental health treatment
8. Aftercare co-payment
9. Drug registration

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** 10/28/2016

**Other Court Actions:**

| | |
|---|---|
| 02/05/2015: | Court ordered pursuant to 18 USC 3582(c)(2) that the sentence be reduced from 81 months custody to 64 months custody. |
| 02/27/2018: | Prob12C filed to place matter on calendar for New Law Violation and Unlawful Use of a Controlled Substance. |

| | |
|---|---|
| 10/05/2018: | Defendant was found guilty of violation of Unlawful Use of a Controlled Substance. Court ordered supervision to continue under same conditions. |
| 3/21/2019: | Prob12C filed alleging failure to attend drug testing and unauthorized travel out of district. |
| 9/25/2019: | Corrected Superseding Prob. 12C filed adding an allegation for new law violation. |

## PETITIONING THE COURT

☒ **Other: Court to take notice of this Second Corrected Superseding Petition in which: Allegations of failure to attend drug testing on March 20, 2018; April 18, 2018; May 16 and 24, 2018; June 18 and 21, 2018; August 14 and 24, 2018; September 18 and 25, 2018; October 11, 17 and 25, 2018; November 7 and 15, 2018; and December 5 and 13, 2018 have been removed from Charge One; and the description of the Medford, Oregon house the offender was observed entering and exiting has been removed from Charge Two.**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**     **Nature of Violation**

    1                  **FAILURE TO ATTEND DRUG TESTING**

The offender failed to attend urinalysis testing on the following dates: January 12 and 24, 2019; and February 12, 21, and 26, 2019. This is in violation of Special Condition Number 5, which states, "As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol."

    2                  **TRAVEL OUTSIDE THE DISTRICT WITHOUT PERMISSION**

On January 24, 2019, this officer was contacted by the Medford (Oregon) Police Department that they observed the offender enter and exit a house in Medford, Oregon on several different occasions. The offender did not have permission from this officer to travel to Medford, Oregon. This is in violation of Standard Condition Number 1, which states, "The defendant shall not leave the judicial district without permission of the court or probation officer."

    3                  **NEW LAW VIOLATION**

On August 7, 2019, the offender was charged with Aggravated Theft in the First Degree by the Marion County (Oregon) Sheriff's Department (Report #19018670), in violation of the Oregon Revised Statutes (ORS) 164.057. The offense involved N.W. Farm Services mistakenly wiring $211,747.50 to the offender's business account, Hempire Ltd., a company the offender owns that provides hemp seedlings and products to other related businesses. The money was intended to have been wired to another company called International Hemp Exchange in Boulder, Colorado. The offender used part of this money that did not belong to him to purchase a tractor. The money has not been returned to N.W. Farm Services and, according

to the victim, the offender has ceased all contact with them. This is in violation of the Mandatory Condition that, "The defendant shall not commit any federal, state or local crime,"

**Justification:** The offender has consistently not abided by his terms and conditions of supervision. During his initial office contact with this officer in December of 2018, he was told he was not to leave the district to travel to Oregon for work without permission, and to report for drug testing as directed. In January 2019 he failed to report for drug testing with the contracted treatment provider. Attempts to call and email him were unsuccessful. A phone call was also placed to his mother, who said she would notify her son that this officer needed to talk to him, but no contact was ever made.

Although the offender's mother indicated her son was working locally, a call from the Medford, Oregon Police Department proved otherwise. On January 24, 2019, this officer received a call from the Medford Police Department indicating that during their surveillance, the offender was observed entering and leaving a house in Medford on numerous occasions. Apart from being in Medford, Oregon, the exact whereabouts of the offender were unknown. It appears from the offender's behavior that he had no interest in contacting this officer or following the orders of the court.

To exacerbate matters, on August 7, 2019, the offender has been charged with Aggravated Theft in the First Degree by the Marion County Sheriff's Department after failing to return over $210,000 to a company that mistakenly wired money to the offender's account. Rather than return the money immediately to the company, the offender purchased a tractor. Further, despite saying he would return the money, the offender has ceased all contact with the victim. Granted the offender is now in custody, he has been in constant contact with his mother, who could easily have contacted the victim had the offender requested she do so. A warrant in this case has already been issued and the offender is in custody at the Sacramento County Jail.

**Detention:** Due to the fact that the offender left the district without permission and has not contacted this officer despite numerous attempts, the offender should be considered a flight risk. It is requested he remain in custody during the entire court proceedings.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:** **October 30, 2019**
**Roseville, California**

Respectfully submitted,

*Matthew M. Faubert*

**MATTHEW M. FAUBERT**
**Senior United States Probation Officer**
Telephone: (916) 786-8508

**DATED:**   10/30/2019

RE: **Dylan Hudson**  Docket Number: **2:12CR00130-01**

Reviewed by,

*[signature]*

**MICHAEL K. McFARLAND**
**Supervising United States Probation Officer**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☐ The issuance of a warrant.

☐ The issuance of a summons.

☒ Other: Court to take notice of this Second Corrected Superseding Petition in which:
Allegations of failure to attend drug testing on March 20, 2018; April 18, 2018; May 16 and 24, 2018; June 18 and 21, 2018; August 14 and 24, 2018; September 18 and 25, 2018; October 11, 17 and 25, 2018; November 7 and 15, 2018; and December 5 and 13, 2018 have been removed from Charge One; and the description of the Medford, Oregon house has been removed from Charge Two.

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☒ Defendant is ordered detained, to be brought before District Judge forthwith.

☐ Initial appearance and detention hearing before Magistrate Judge.

Dated: October 31, 2019

*[signature]*
GARLAND E. BURRELL, JR.
Senior United States District Judge

CC:
United States Probation
Assistant United States Attorney: Jill Thomas
United States Marshal Service

# SECOND CORRECTED SUPERSEDING STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Garland E. Burrell, Jr.
Senior United States District Judge
Sacramento, California

                                         **RE:**     **Hudson, Dylan**
                                                              **Docket Number: 2:12CR00130-01**

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**     **FAILURE TO ATTEND DRUG TESTING**

     a. **Evidence**
         i.     The Monthly Treatment Reports for the months of January through February of 2019.

     b. **Witnesses**
         i.     EAP, the contracted testing provider, will testify that the offender was not present for testing on the following dates: January 12 and 24, 2019; and February 12, 21, and 26, 2019.

**Charge 2:**     **TRAVEL OUTSIDE THE DISTRICT WITHOUT PERMISSION**

     a. **Evidence**
         i.     On January 24, 2019, this officer received a call from the Medford Police Department indicating that during their surveillance of a "house of interest", the offender was observed entering and leaving this house on numerous occasions.

     b. **Witnesses**
         i.     Sergeant Jason Antley of the Medford Police Department will testify that he observed the offender in Medford, Oregon entering and leaving a "house of interest" on numerous occasions.

RE: **Dylan Hudson**     Docket Number: **2:12CR00130-01**

**Charge 3:**   **NEW LAW VIOLATION**

    a.   **Evidence**
        **i.** Marion County Sheriff's Department Report #19018670.

    b.   **Witnesses**
        **i.** Deputy Sheriff Chris Bangs will testify to the contents of Report #19018670.


Respectfully submitted,

*Matthew M. Faubert*

**MATTHEW M. FAUBERT**
**Senior United States Probation Officer**
Telephone: (916) 786-8508

**DATED:** 10/30/2019
Roseville, California

Reviewed by,

**MICHAEL K. McFARLAND**
**Supervising United States Probation Officer**

SUPERSEDING REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:** Dylan Hudson           **Docket Number:** 2:12CR00130-01

**Date of Original Offense:** 08/2010-03/2012

**Original term of supervised release imposed:** 60 years

**Highest grade of violation alleged:** B

**Criminal History Category of offender:** I

**Original guideline range:** 135 to 168 months

**Chapter 7 range of imprisonment:** 4 to 10 months

**Maximum term on revocation - 18 USC 3583(e)(3):** (*choose one below*)

☒     **Class B felony - 3 years**

**Violation requires mandatory revocation:  YES:** ☐   **NO:** ☒

**Original offense committed on or after 04/30/2003**: Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above. There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

**MANDATORY REVOCATION ISSUES**

**Original offense committed after 09/13/94:** Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of: 1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing. If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:** Title 18 USC 3583(g) amended and instructs that supervision be revoked for: Testing positive for illegal controlled substances more than three times over the course of one year.